UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br><br>COSME IBARRA-ROSAS,<br><br>　　　　　　Defendant. | No. CR-98-2135-FVS<br><br>ORDER DENYING MOTION TO VACATE |

**THIS MATTER** comes before the Court pursuant to 28 U.S.C. § 2255. The defendant is representing himself. The government is represented by Assistant United States Attorney Gregory M. Shogren.

**BACKGROUND**

The defendant was charged with conspiring to export cocaine to Canada. 21 U.S.C. § 953. He unsuccessfully moved to dismiss the Indictment on grounds of double jeopardy, pre-indictment delay, and pre-trial delay. A jury found him guilty. The Court made four significant factual determinations at sentencing: (1) the defendant is accountable for 32 kilograms of cocaine; he possessed a firearm within the meaning of the Sentencing Guidelines; he was an organizer or leader; and he physically restrained and assaulted a fellow conspirator in order to facilitate the commission of the crime. Based upon these determinations, the Court ordered him to serve a term of 360 months imprisonment. The Ninth Circuit upheld his conviction, but reversed the sentence pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The

ORDER DENYING MOTION TO VACATE - 1

Court ordered him to serve a term of 240 months imprisonment. The Ninth Circuit upheld the finding that he is accountable for 32 kilograms of cocaine and the finding that he possessed a firearm. Since these findings are sufficient to justify the sentence, the Ninth Circuit declined to review the remaining findings; choosing, instead, to affirm. The defendant moves to vacate the judgment and sentence under 28 U.S.C. § 2255.

**EFFECTIVE ASSISTANCE**

The defendant alleges his attorneys failed to provide constitutionally effective assistance as guaranteed by the Sixth Amendment to the Constitution. In order to obtain relief, he must satisfy a two-part test. First, he must demonstrate that the performance of one of his former attorneys was deficient. Second, he must demonstrate that the attorney's deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

*A. Disclosure of Indictment*

The defendant was in federal custody facing separate charges at the time law enforcement officers were investigating the events that led to the conviction at issue here. The defendant says the government did not disclose, prior to his guilty plea in the other case, that it was on the verge of charging him with a new offense. He says his attorney should have challenged the validity of the Indictment based upon the government's failure to do so. The Court disagrees. The defendant's attorney would have accomplished nothing by seeking dismissal based upon the government's failure to disclose the new charge prior to his plea of guilty in the other case. In fact, the most promising grounds were those actually raised by his attorney: double jeopardy, pre-indictment delay, and pre-trial

delay. The attorney's decision to litigate these issues, rather than the one cited by the defendant, was a reasonable response to the new Indictment.

*B. Discussions Between Attorney and Client*

The defendant alleges that his attorney met with him only twice before trial and that he did not bring an interpreter with him on either occasion. Consequently, says the defendant, his attorney did not obtain enough information from him in order to prepare an adequate defense. However, the defendant does not identify any information he could have provided to his attorney prior to trial that would have bolstered his defense.

*C. Plea Offer*

The defendant alleges the government offered to recommend a ten-year term of imprisonment if he pleaded guilty. The defendant insists he would have accepted the offer had his attorney communicated it to him. The Assistant United States Attorney ("AUSA") who represents the government in this action has submitted a declaration concerning this allegation. He says settlement offers are made in writing; there is nothing in his file indicating he made an offer; and he does not recall making one. The defendant has made no effort to rebut the AUSA's declaration.

*D. Jury Instructions*

The defendant submits his attorney should have challenged the jury instructions on the ground they relieved the government of proving he knew his actions were unlawful. However, the defendant has not cited any specific instruction he thinks was improper and the Court declines to guess which one he is referring to.

*E. Factual Determinations During the Sentencing Phase*

The Court made a number of findings that affected the length of

ORDER DENYING MOTION TO VACATE - 3

the defendant's sentence.  These concerned the quantity of cocaine for which he is accountable, his possession of a firearm, his role as an organizer or leader, and the fact he restrained and assaulted a fellow conspirator.  The Court's findings were reviewed by the Ninth Circuit after *Apprendi* but before *Blakely v. Washington*, 542 U.S. 296, ---, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004).  The defendant claims his trial and appellate attorneys' performance was deficient because they failed to anticipate the Supreme Court's holdings in *Blakely* and *United States v. Booker*, 543 U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  The Court disagrees.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.  The defendant's attorneys argued the law as it existed prior to *Blakely*.  They cannot be faulted for relying upon what was, at the time, the binding interpretation of *Apprendi*.

*F. Weight*

The Court found the defendant was legally accountable for 32 kilograms of a mixture or substance containing cocaine.  The defendant says his attorneys should have asked the Court to subtract the weight of packaging materials and "cutting" agents.  He is incorrect.  To begin with, he has cited no authority for the proposition that, in the case of powdered cocaine, a sentencing court must exclude cutting agents when determining the quantity of cocaine for which a person is legally accountable.  Furthermore, excluding the weight of packaging materials would not have made a difference. Under the Drug Quantity Table, anyone who possesses at least 15, but

ORDER DENYING MOTION TO VACATE - 4

less than 50, kilograms of a mixture or substance containing cocaine receives a base offense level of 34. There is no reason to think the packaging materials weighed over 17 kilograms.

*G. Court's Calculation of Adjusted Offense Level*

The defendant says his attorneys did not contest the Court's calculation of the adjusted offense level. He is mistaken. As the government points out, it is clear from both the brief submitted on the defendant's behalf and the Ninth Circuit's second opinion, that his appellate attorney challenged the Court's findings with respect to drug quantity, possession of a firearm, role in the offense, and the assault of a co-conspirator.

*H. Criminal History*

The defendant says his attorneys did not challenge the Court's calculation of his Criminal History Category. While this may be true, the defendant has provided no reason for thinking that the Court's calculation was erroneous and that his attorneys should have been aware of the error.

*I. Departure Based Upon Sentence Factor Manipulation*

The defendant says his trial attorney should have sought downward departure based upon sentence factor manipulation. *See United States v. Riewe*, 165 F.3d 727, 729 (9th Cir.1999) (per curiam) ("'Sentencing entrapment or sentence factor manipulation occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment.'" (*quoting United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir.1994))). However, other than making an unsubstantiated assertion that the AUSA "coached" the government's witnesses, the defendant has identified no evidence his attorney could have offered in support of such a request.

ORDER DENYING MOTION TO VACATE - 5

*J. Adequacy of Court's Findings*

The defendant says his attorneys should have argued that the Court's written findings failed to comply with the Federal Rules of Criminal Procedure. However, the record reflects that the Court entered detailed findings. These were reviewed by the Ninth Circuit. This satisfied the requirements of the Federal Rules of Criminal Procedure.

**BOOKER**

The defendant's conviction became final before the Supreme Court decided *Blakely* and *Booker*. The Ninth Circuit has held that *Blakely* does not apply retroactively to convictions which became final before it was decided. *Schardt v. Payne*, 414 F.3d 1025, 1036, 1038 (9th Cir.2005). Other circuit courts of appeal have held that *Booker* does not apply retroactively to convictions which became final before it was decided. *See, e.g., Guzman v. United States*, 404 F.3d 139, 144 (2d Cir.2005). In view of *Schardt*, there is every reason to think the Ninth Circuit will follow its sister circuits' lead and hold that *Booker* does not apply retroactively. Thus, the defendant may not challenge his sentence based upon *Booker*.

**NON-CONSTITUTIONAL SENTENCING ISSUES**

The defendant argues the Court erred by failing to make an individualized determination concerning the quantity of cocaine for which he is accountable. Accordingly to the defendant, the Court improperly attributed to him all of the cocaine that the conspirators exported to Canada. In addition, the defendant argues the Court erred by finding that he possessed a firearm, that he was an organizer, and that he restrained a woman who was working under his direction in the conspiracy. Were this case governed by the *Blakely/Booker* rule, these determinations arguably would implicate

ORDER DENYING MOTION TO VACATE - 6

the Sixth Amendment; but, as explained above, this case is not governed by the *Blakely/Booker* rule. As a result, the errors allegedly made by the Court at sentencing are non-constitutional sentencing errors. Since these errors either were or could have been raised by the defendant in his direct appeal, he may not challenge them under 28 U.S.C. § 2255. *See United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir.2000); *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir.1995).

**EX POST FACTO VIOLATION**

The defendant implies that the version of the Guidelines under which he was re-sentenced resulted in a harsher sentence than the version of the Guidelines under which he originally was sentenced. *See Hamilton v. United States*, 67 F.3d 761, 764-65 (9th Cir.1995) (whenever the use of an amended version of a Sentencing Guideline would result in a harsher sentence than the earlier version, the use of the new version violates the Ex Post Facto Clause). However, he has not attempted to demonstrate that the newer version actually resulted in a harsher sentence, and, as the government argues, there is no reason to think that this is so.

**IT IS HEREBY ORDERED:**

1. The defendant's motion for appointment of counsel (**Ct. Rec. 151**) is denied.

2. The defendant's motion for an evidentiary hearing (**Ct. Rec. 151**) is denied.

3. The defendant's motion for an order requiring the government to respond to his Second Supplemental Memorandum (**Ct. Rec. 165**) is denied.

4. The defendant's motion for an order requiring the government to respond to his Second Supplemental Memorandum (**Ct. Rec. 165**) is

ORDER DENYING MOTION TO VACATE - 7

denied.

    5. The defendant's motion to vacate (**Ct. Rec. 148**) is denied.

    6. The defendant's motion to vacate (**Ct. Rec. 149**) is denied.

    7. Any other pending motions are denied as moot.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order, furnish copies to the defendant and counsel for the government, and close the parallel civil action.

**DATED** this ___25th___ day of August, 2005.

                              s/ Fred Van Sickle
                                Fred Van Sickle
                        United States District Judge