UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>        v.<br><br>COSME IBARRA-ROSAS,<br><br>             Defendant. | No. CR-98-2135-FVS<br><br>ORDER DENYING RECONSIDERATION |

**THIS MATTER** comes before the Court based upon the defendant's motion for reconsideration of an order denying his request for post-conviction relief. The defendant is representing himself. The government is represented by Assistant United States Attorney Gregory M. Shogren.

**BACKGROUND**

The defendant sought post-conviction relief under 28 U.S.C. § 2255. On August 25, 2005, the Court denied the defendant's request. He moves for reconsideration. He says the Court erred by concluding that the judgment at issue here had become final by the time *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 543 U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), were decided, and that, under the standard set forth in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989),

ORDER DENYING RECONSIDERATION - 1

neither case applied retroactively. The defendant's request is governed by a familiar standard. Reconsideration is appropriate if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School District No. 1J Multnomah County*, 5 F.3d 1255, 1263 (9th Cir.1993) (citations omitted).

**RULING**

The defendant argues that *Blakely* and *Booker* merely clarify the holding of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In his opinion, neither case sets forth a new rule of criminal procedure within the meaning of *Teague*. Moreover, since his conviction was not final when *Apprendi* was decided, he argues that he is entitled to the benefit of any subsequent decision that merely clarifies *Apprendi*. While ingenious, these arguments are foreclosed by *United States v. Cruz*, No. 03-35873, 2005 WL 2243113 (9th Cir. Sept. 16, 2005) (per curiam). In that case, the Ninth Circuit said, "*Booker* is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of *Booker*'s publication." *Id.* This is just such a case. The Ninth Circuit affirmed the defendant's conviction on August 22, 2001, but vacated his sentence and remanded for resentencing consistent with *Apprendi*. He was resentenced, and, on April 10, 2003, the Ninth Circuit affirmed the new sentence. Thus, both his conviction and

ORDER DENYING RECONSIDERATION - 2

sentence became final well before *Booker* was decided.  This Court did not err in so ruling.  The defendant is not entitled to reconsideration.

**IT IS HEREBY ORDERED:**

The defendant's motion for reconsideration (**Ct. Rec. 169**) is denied.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to the defendant and to counsel for the government.

**DATED** this   14th    day of October, 2005.

                             s/ Fred Van Sickle
                             Fred Van Sickle
                             United States District Judge

ORDER DENYING RECONSIDERATION - 3